# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paytrene D.S.F., on behalf of J.J.M., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Martin O'Malley, Commissioner ) <br> of the Social Security Administration[1], ) <br> ) <br> Defendant. ) <br> ) <br> _____) | Civil Action No. 8:23-705-RMG <br><br><br><br><br> **ORDER** |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits under the Social Security Act. Plaintiff, J.J.M., was found to be disabled under the Social Security Act as a young child in January 2017, and a subsequent decision in December 2018 found that the child was no longer disabled. Plaintiff challenges the 2018 decision. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on January 23, 2024, recommending that the decision of the Commissioner be reversed and remanded to the agency. (Dkt. No. 21). The Commissioner filed no objections to the R & R.

---

[1] Martin O'Malley recently assumed office as Commissioner of Social Security and has been substituted as the named defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

In the Administrative Law Judge's (ALJ) January 2017 decision finding Plaintiff

disabled under the Social Security Act, Plaintiff was found to have "marked limitations" in "acquiring and using information" and "interacting and relating to others."  In the December 2018 decision, the ALJ found Plaintiff no longer had a "marked limitations" in those areas, primarily based on a finding that Plaintiff's speech had "greatly improved" due to medication and therapy. (Dkt. No. 8-2 at 23).  The ALJ did find in the December 2018 decision, however, that Plaintiff now had a "marked limitation" in the area of "attending and completing tasks." (*Id*. at 25).

Plaintiff vigorously contests the ALJ's findings of improvement in the areas of "acquiring and using information" and "interacting and relating to others."  In the R & R, the Magistrate Judge noted record evidence indicating significant limitations in those areas and found that it was not clear how the ALJ reconciled the conflicting evidence and concluded the Plaintiff no longer had "marked limitations" in those two areas. (Dkt. No. 21 at 27-32).  The Magistrate Judge concluded that she could not "conduct a meaningful review of the ALJ decision without the ALJ constructing a logical bridge explaining her analysis." (*Id*. at 32).  The Magistrate Judge recommended that the Court reverse the Commissioner's decision and remand it to the agency for further administrative action consistent with the Court's order.

After carefully reviewing the R & R, the ALJ's decision, and the record in this matter, the Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be reversed and remanded  for further administrative processing.  Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 21) as the Order of the Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDS** this matter to

the agency for further administrative review and processing.

        **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 7, 2024
Charleston, South Carolina